IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No.: 3:18-cv-00006

| | |
|---|---|
| CONSTITUTION PARTY OF NORTH CAROLINA,<br><br>　　Plaintiff,<br><br>v.<br><br>KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections and Ethics Enforcement,<br><br>　　Defendant. | COMPLAINT |

COMES NOW, the Plaintiff, the CONSTITUTION PARTY OF NORTH CAROLINA by and through counsel and pursuant to 28 U.S.C. §2201, 42 U.S.C. 1983 and the Federal Rules of Civil Procedure allege and aver against Defendant KIM WESTBROOK STRACH in her official capacity as Executive Director of the North Carolina State Board of Elections and Ethic Enforcement (herein referred to as "Defendant" or "State" as the context requires) as follows:

## ACTION AND JURISDICTION

1. Plaintiff's causes of action arise under the First Amendment of the United States Constitution as incorporated into the Fourteenth Amendment that guarantees freedoms of political expression and political association and under the Fourteenth Amendment to the Constitution that guarantees Plaintiffs the equal protection of the laws.

2. This action seeks to redress the deprivation under color of state law rights secured by the United States Constitution. This action is authorized by 42 U.S.C. §1983 and 1988.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff CONSTITUTION PARTY OF NORTH CAROLINA, ("CPNC"):

1


Case 3:18-cv-00006-GCM   Document 1   Filed 01/03/18   Page 1 of 10

a. Is a political organization in the State of North Carolina desiring to be a "qualified" or "recognized" party for purposes of nominating candidates for political office in the 2018 general election and future elections;

b. Has its principal place of business in Charlotte, North Carolina;

c. Has registered as a political committee pursuant to the provisions of *N.C. Gen. Stat*. §163A-1412; and

d. Brings this action on part of itself and its supporters who desire to contribute to the party and accept contributions such contributions to the party.

6. Defendant KIM WESTBROOK STRACH is the Executive Director of the North Carolina State Board of Elections and Ethics Enforcement. Pursuant to *N.C. Gen. Stat*. § 163A-1 et seq., the Board of Elections and Ethics Enforcement is the agency responsible for enforcing campaign contribution limits set forth in *N.C. Gen. Stat*. § 163A-1425.

## FACTS

7. Plaintiff has been required to engage an attorney to represent them in this matter and has agreed to compensate him for his services.

8. As a part of its efforts to increase its support among the voter base in North Carolina, Plaintiff has appealed to its supporters and has engaged in fund-raising for the 2018 election.

9. Plaintiff CPNC's main core values are (1) Right to Life; (2) Religious Freedom; (3) the Traditional Family; (4) Private Property Rights; (5) Pro-Second Amendment; (6) Anti-Socialism; and (7) Pro national Sovereignty.

10. The North Carolina Elections and Ethics Enforcement Act, *N.C. Gen. Stat*. [herein "NCGS"] § 163A-1441(76) provides, in relevant part: "The term "political party" means any political party organized or operating in this State, whether or not that party is recognized under the provisions of G.S. 163A-950. … An affiliated party committee is deemed a political party for this Article …"

11. Plaintiff, Constitution Party of North Carolina, is a "political party" within the meaning of NCGS § 163A-1441(76).

12. To become a *recognized* political party in North Carolina, a political party must satisfy the requirements of NCGS § 163A-950, the relevant portions of which provide that:

(a) Definition. -- A political party within the meaning of the election laws of this State shall be one of the following:

(1) Any group of voters which, at the last proceeding general State election, polled for its candidate of Governor, or for presidential electors, at least two percent (2%) of the entire vote case in the State for Governor or for presidential electors.

(2) Any group of voters which shall have filed with the State Board of Elections petitions for the formulation of a new political party which are signed by registered and qualified voters in this State equal in number to one-quarter of one percent (0.25%) of the total number of voters who voted in the most recent general election for Governor. … To be effective, the petitioners must file their petitions with the State Board of Elections before 12:00 noon on the first day of June preceding the day on which is to be held the first general State election in which the new political party desires to participate.

13. To qualify as a recognized political party for the 2018 general election, Plaintiff must, pursuant to NCGS §163A-950, submit petitions containing approximately 11,364 valid signatures.

14. As a part of signature collection efforts, candidates and parties, in general, and Plaintiff in particular, must collect 1.5-1.75 times the number of signatures required by statute to assure that they have sufficient *valid* signatures.

15. Plaintiff Constitution Party of North Carolina must collect 1.5-1.75 times the number of signatures required by statute to assure that it has sufficient *valid* signatures.

16. When signature requirements exceed 10,000, petition efforts rarely succeed without employing professional organizations. Employing such organizations are expensive for candidates and parties. The cost of signature collection by professional signature collection generally ranges from $2.00 to $3.50 per signature, whether valid or not.

17. Plaintiff cannot satisfy the requirements of NCGS §163A-950 in time to be a recognized political party for the 2018 general election without employing professional petition signature collectors.

18. To conduct a successful petition signature collection effort, Plaintiff must obtain funds from donors. However, the State, through Defendant Strach has placed limitations on the Plaintiff in regard to accepting contributions and to Plaintiff's supporters in giving donations and contributions.

19. Limitations on donor contributions severely burden Plaintiff's efforts to satisfy the requirements of NCGS §163A-950.

20. NCGS §163A-1425[1] provides in relevant part that, "No individual, political committee, or other entity shall *contribute* to any candidate or other political committee any money or make any other contribution in any election in excess of five thousand two hundred dollars ($5,200) for that election."

21. Furthermore, NCGS §163A-1425(c), provides in relevant part that, "No candidate or political committee shall *accept or solicit* any contribution from any individual, other political committee, or other entity of any money or any other contribution in any election in excess of five thousand two hundred dollars ($5,200) for that election."

22. Moreover, NCGS § 163A-1425(h), provides in relevant part that, "This section shall not apply to any national, State, district or county executive committee of any political party or an affiliated party committee. For the purposes of this section only, the term "political party" means only those political parties officially recognized under G.S. 163A-950."

23. Pursuant to NCGS § 163A-1445, violations of § 163A-1425 constitute a Class 2 misdemeanor.

24. By virtue of subsection (h) of NCGS §163A-1425, only political parties that have _not_ satisfied the recognition requirements of NCGS § 163A-950 are subject to the contribution and receipt limits established within the statute

25. Political organizations that are already recognized as political parties pursuant to NCGS § 163A-950 are not subject to the contribution and receipt limits established by NCGS § 163A-1425(a) and (c).

26. Limitations on the amounts donors can contribute injures the Plaintiff's ability to raise funds and carry out its primary political functions.

27. NCGS §163A-1425 constructively precludes national parties from providing more than $5,200 to their unrecognized state affiliate.

---

[1] "In a letter dated December 6, 2016, the North Carolina Board of elections notified the Revisor of Statutes that, pursuant to subsection (a1) of this section, the contribution limitation amounts found in subsections (a), (b), and (c) should be revised from "five thousand one hundred dollars ($5,100)" to "five thousand two hundred dollars ($5,200)", effective January 1, 2017, and remaining in effect through December 31, 2018." N.C. Gen. Stat. 163A-1425 (fn.1) WEST, 2017.

4

28. Plaintiff has identified supporters who desire to make contributions in excess of the limits established by NCGS §163A-1425(a) but who are barred from doing so by virtue of that statute.

29. Supporters of the Plaintiff CPNC, including but not limited to, its members, supporters, and its national party affiliate have expressed a desire to contribute in excess of the limits of 163A-1425, but because of the limits and penalties, have been unable to do so.

30. Financial contributions to political parties and candidates represent an exercise of political speech protected by the First Amendment and the Fourteenth Amendment.

31. NCGS §163A-1425(a) severely burdens Plaintiff by preventing it from raising adequate funds to conduct a successful petition signature collection effort and constructively denies Plaintiff the ability to become a recognized political party by satisfying the requirements of NCGS § 163A-950.

32. NCGS § 163A-1425(c) severely burdens Plaintiff by preventing it from accepting funds in excess of limits established in therein to conduct a successful petition signature collection efforts and constructively denies Plaintiff the ability to become a recognized political party by satisfying the requirements of NCGS §163A-950.

33. Plaintiff CPNC is barred from accepting such funds by virtue of NCGS § 163A-1425(c).

34. The only judicially recognized justification for limitations on political contributions is the prevention of corruption.

35. The contribution and receipt limits imposed by NCGS §163A-1425 have been increased multiple times since the statute was first enacted.

36. When applied to donations to *parties*, NCGS §163A-1425 is (1) not necessary to serve any legitimate State interest; and (2) not the least restrictive means of satisfying any legitimate state interest.

## FIRST CLAIM FOR RELIEF
**Declaratory Relief Seeking Judgment Against Defendant that NCGS §163A-1425 is Facially Unconstitutional because Burdens the First and Fourteenth Amendment Constitutional Rights of Persons who Contribute or Want to Contribute to Plaintiff or Unaffiliated Candidates or other Minor Political Parties**

37. Plaintiff incorporates by reference the allegations contained within the preceding paragraphs as if fully set forth herein.

5

38. An actual controversy exists between Plaintiff and Defendant with regard to the First Amendment and Fourteenth Amendment rights of persons who contribute or want to contribute to minor parties and/or unaffiliated candidates and those who wish to accept such contributions including the Plaintiff. The statute does not place such burdens on the supporters of recognized parties under NCGS § 163A-950, *i.e.*, the Republican Party or the Democratic Party, and such supporters may contribute to those parties without the limits of NCGS §163A-1425, limiting those contributions or of the acceptance of such contributions. Plaintiff asserts that this regulatory scheme for limiting contributions and acceptance of such contributions invidiously discriminates against Plaintiff's members and supporters as well as persons who, and small donor committees who, contribute or desire to contribute to the Plaintiff or other minor party or unaffiliated candidate vis-à-vis persons who contribute to recognized and major parties and discriminates against unrecognized parties like Plaintiff who wish to accept such contributions. Plaintiff contends that this regulatory system *does* treat similarly situated persons differently in a constitutionally significant way. Upon information and belief, Defendant contends that this regulatory system does not treat similarly situated persons differently in a constitutionally significant way. This controversy is real and immediate because persons who violate such statute are subject to criminal penalties.

39. The only constitutionally sufficient basis for establishing campaign contribution limits is to serve the State interest of preventing corruption or the appearance of corruption. The Equal Protection Clause requires that state statutory provisions affecting First Amendment and Fourteenth Amendment interests be narrowly tailored to their legitimate objectives. When government regulations discriminates among speech-related activities in a public forum, the Equal Protection clause mandates that the legislation be finely tailored to serve substantial state interests. In this case, Defendant, on behalf of the State, has not narrowly tailored its system of regulating campaign contributions to serve the State's legitimate objectives of preventing corruption or the appearance of corruption or other possible legitimate interest that the State may have to justify its system of regulating campaign contributions. Allowing a member or supporter of the Plaintiff to contribute to the Plaintiff (and/or allowing the Plaintiff to accept such contributions) while not limiting

40. contribution to recognized parties by their supporters, does not serve the State interest in preventing corruption or the appearance of corruption or other possible legitimate interest.
40. Plaintiff is entitled to a declaratory judgment declaring that NCGS §163A-1425 is facially unconstitutional to the extent that its provisions prevent persons from making contributions to Plaintiff and/or other minor parties who are not recognized in amounts equal to and not subject to the limits NCGS §163A-1425 of supporters of recognized or major political parties like the Republican Party or Democratic Party. Plaintiff is entitled to a declaratory judgment declaring that NCGS §163A-1425 is facially unconstitutional to the extent that its provisions prevent Plaintiff and other unrecognized or minor parties from accepting contributions from their supporters in amounts equal to or not subject to the limits NCGS §163A-1425 like recognized or major political parties like the Republican Party or Democratic Party.
41. Pursuant to 42 U.S.C. 1983 *et seq*., Plaintiff is entitled to a declaratory judgment declaring its rights and to its reasonable attorneys' fees and costs in this case.

**SECOND CLAIM FOR RELIEF**
**Declaratory Relief Seeking Judgment Against the Defendant as Applied to Plaintiff because it Violates the First Amendment Freedoms of Plaintiff and its Members and Supporters of Political Expression and Political Association that the First and Fourteenth Amendments Guarantee**

42. Plaintiff incorporates by reference the allegations contained within the preceding paragraphs as if fully set forth herein.
43. An actual controversy exists between Plaintiff and Defendant with regard to the First Amendment and Fourteenth rights of Plaintiff, its members and supporters involving their exercise of their First and Fourteenth Amendment guaranteed freedoms of political expression and political association through the contribution of money to Plaintiff as well as Plaintiff's rights to accept and use those contributions to express those certain political views. This controversy is real and immediate because it any of the members or supporters of the Plaintiff violate such statute such persons are subject to civil monetary penalties.
44. The only constitutionally sufficient basis for establishing campaign contribution limits is to serve the State interest of preventing corruption or the appearance of corruption.

7

Allowing a member or supporter of the Plaintiff to contribute to the Plaintiff (and/or allowing the Plaintiff to accept such contributions) while not limiting contribution to recognized parties by their supporters, does not prevent corruption or the appearance of corruption. Defendant, on behalf of the State, has failed to draw its system of regulating campaign contributions to match the State interest in avoiding corruption or the appearance of corruption or other possible legitimate interests that the State may have to justify its system of regulating campaign contributions. Instead, Defendant, on behalf of the State, through its system has unnecessarily abridged the freedoms of political expression and association of persons who contribute or want to contribute to the Plaintiff or to unaffiliated candidates or minor parties.

45. Plaintiff, is entitled to a declaratory judgment declaring that the contribution limits set forth in NCGS § 163A-1425 are unconstitutional as applied to Plaintiff and persons who seek to contribute to the Plaintiff and establishing that Plaintiff has the right to accept such contributions and its members have the right to make such contributions.

46. Pursuant to 42 U.S.C. 1983 *et seq*., Plaintiff is entitled to a declaratory judgment declaring its rights and to its reasonable attorneys' fees and costs in this case.

### THIRD CLAIM FOR RELIEF
### Declaratory Relief Seeking Judgment Against Defendant that NCGS § 163A-1425 Unconstitutionally Burdens Efforts of Plaintiff to Become a Recognized Party Under the Provisions of NCGS § 163A-950

47. Plaintiff incorporates by reference the allegations contained within the preceding paragraphs as if fully set forth herein.

48. An actual controversy exists between Plaintiff and Defendant with regard to the First Amendment and Fourteenth rights of Plaintiff, as NCGS §163A-1425 and the application thereof, thus constituting unconstitutional burdens further unconstitutionally burdens Plaintiffs efforts to become a recognized political party by satisfying the requirements of NCGS §163A-950. This controversy is real and immediate because persons who violate such NCGS § 163A-1425 are subject to criminal penalties.

49. Pursuant to 42 U.S.C. 1983 *et seq*., Plaintiff is entitled to a declaratory judgment declaring its rights and to its reasonable attorneys' fees and costs in this case.

## FOURTH CLAIM FOR RELIEF
### Injunctive Relief Against Defendant

50. Plaintiff incorporates by reference the allegations contained within the preceding paragraphs as if fully set forth herein.

51. Should the Court find that NCGS §163A-1425 is facially unconstitutional or unconstitutional as applied, as it violates the freedoms of political expression and political association guaranteed by the First and Fourteenth Amendments as well as discriminates in right to equal protection of laws as set forth hereinabove, then Plaintiff is entitled to injunctive relief.

52. There exists an imminent and ongoing threat by Defendant, on behalf of the State, to deprive Plaintiff, its members and supporters, of their civil rights by limiting the contributions of such supporters to Plaintiff through the imposition of criminal penalties. There exists a imminent and ongoing threat by Defendant to deprive the civil rights of persons who have contributed or want to contribute in this election cycle to minor, unrecognized political parties or of unaffiliated candidates.

53. Plaintiff and supporters of Plaintiff is suffer irreparable injury if they are not allowed to accept contribution or make contributions in amounts that are not subject to the limits imposed by NCGS §163A-1425 such as the recognized or major parties and those who support such recognized or major parties, in this election cycle.

54. Plaintiff is entitled to a permanent injunction restraining and enjoining Defendant, on behalf of the State, and all those working on concert with her, from enforcing NCGS §163A-1425 against: (1) any persons who make contributions in excess of $5,200.00 or desire to make such contributions and (2) the Plaintiff, and any other unrecognized party, who accept contributions in excess of $5,200.00 or desire to accept such contributions, in this election cycle.

**WHEREFORE,** Plaintiff prays unto the Court for the following relief and enter judgment in favor of Plaintiff:

1. Finding that Defendant, on behalf of the State, through the regulatory system in NCGS §163A-1425 and the enforcement thereof, is facially unconstitutional to the extent that it unconstitutionally burdens the First Amendment and Fourteenth rights of Plaintiff's donors and supporters.

2. Finding that Defendant, on behalf of the State, through the regulatory system in NCGS §163A-1425 and the enforcement thereof, is unconstitutional as applied in that it unconstitutionally burdens the First Amendment and Fourteenth rights of Plaintiff's donors and supporters.

3. Finding that Defendant, on behalf of the State, through the regulatory system in that NCGS §163A-1425, and the enforcement thereof, is facially unconstitutional to the extent that it unconstitutionally discriminates between recognized parties and unrecognized political parties in violation of the First Amendment and Fourteenth rights.

4. Finding that Defendant, on behalf of the State, through the regulatory system in that NCGS §163A-1425, and the enforcement thereof, is unconstitutional as applied to the extent that it unconstitutionally discriminates between recognized parties and unrecognized political parties in violation of the First Amendment and Fourteenth rights.

5. Finding that Defendant, on behalf of the State, through the regulatory system in NCGS §163A-1425, and the enforcement thereof, unconstitutionally burdens Plaintiffs efforts to become a recognized political party by satisfying the requirements of NCGS §163A-950.

6. Enjoining the enforcement of NCGS §163A-1425.

7. Awarding Plaintiff's attorney's fees and costs to the extent permitted by law;

8. That the Court grant such other and further relief as the Court deems just and proper.

This the 3rd day of January, 2018.

/s/ S. Mark Henkle
S. Mark Henkle, Esq.
Counsel for Plaintiff
Martineau King, PLLC
8701 Red Oak Blvd.
P.O. Box 31188
Charlotte, North Carolina 28231
Tel: (704)-247-8525
Fax: (704)-247-8520
mhenkle@martineauking.com