IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00006

| | | |
|---|---|---|
| CONSTITUTION PARTY OF NORTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections and Ethics Enforcement, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court upon Defendant's motion to dismiss pursuant to Rule 12(b)(1) (Doc. No. 9). This motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

Plaintiff Constitution Party of North Carolina originally filed this action against Defendant Kim Westbrook Strach in her official capacity as Executive Director of the North Carolina State Board of Elections and Ethics Enforcement under 42 U.S.C. § 1983, alleging violations of Plaintiff's First and Fourteenth Amendment rights.

At the time of filing, Plaintiff was an unrecognized political party subject to the campaign finance restrictions codified at N.C. Gen. Stat. § 163A-1425. Recognized political parties are exempt from these restrictions. *See id*. In order for an unrecognized political party to qualify as a recognized political party, the unrecognized party must meet one of two requirements. First, the unrecognized party may

> file[] with the State Board petitions for the formulation of a new political party which are signed by registered and qualified voters in [North Carolina] equal in number to one-

1

quarter of one percent (0.25%) of the total number of voters who voted in the most recent general election for Governor. Also the petition must be signed by at least 200 registered voters from each of three congressional districts in North Carolina. To be effective, the petitioners must file their petitions with the State Board before 12:00 noon on the first day of June preceding the day on which is to be held the first general State election in which the new political party desires to participate.

N.C. Gen. Stat. § 163A-950(a)(2). Alternatively, an unrecognized party may

file[] with the State Board documentation that the group of voters had a candidate nominated by that group on the general election ballot of at least seventy percent (70%) of the states in the prior Presidential election. To be effective, the group must file their documentation with the State Board before 12:00 noon on the first day of June preceding the day on which is to be held the first general State election in which the new political party desires to participate.

N.C. Gen. Stat. § 163A-950(a)(3). Once party recognition has been obtained, a political party retains its recognition until the party fails to poll for its candidate for Governor, or for presidential electors, at least two percent (2%) of the entire vote cast in the State of North Carolina. N.C. Gen. Stat. §§ 163A-950(a)(1); 163A-951.

Plaintiff's lawsuit challenges the constitutionality of the campaign finance restrictions under N.C. Gen. Stat. § 163A-1425, alleging that the donor limitations injure Plaintiff by preventing Plaintiff from raising funds to conduct the necessary petition drives to become a recognized political party and are unduly burdensome to unrecognized political parties.

While this suit was pending, Plaintiff ran a successful petition drive to obtain recognition pursuant to N.C. Gen. Stat. § 163A-950(a)(2). On June 5, 2018, Plaintiff was recognized as an official party in North Carolina, and Plaintiff retains this recognition for all election cycles for the next three years, including the gubernatorial and presidential elections in 2020. As such, the contribution and receipt limits in N.C. Gen. Stat. § 163A-1425 no longer apply to Plaintiff. Given these circumstances, Defendant filed this motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## II. STANDARD OF REVIEW

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). The existence of an actual case or controversy must also continue to exist throughout the case. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). A challenge that a claim has become moot is properly assessed via a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

A case must be dismissed as moot when the court's "resolution of an issue could not possibly have any practical effect on the outcome of the matter." *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010). However, a "narrow exception" to this requirement exists when the alleged injury is "capable of repetition yet evades review." *Williams v. Ozmint*, 716 F.3d 801, 809–10 (4th Cir. 2013). "[A] party seeking to invoke this exception to the mootness doctrine bears the burden of showing its application." *Id.* at 810.

## III. DISCUSSION

A controversy is moot if it lacks "one of the three required elements of Article III standing: (1) injury-in-fact, (2) causation, or (3) redressability." *Townes v. Jarvis*, 577 F.3d 543, 546–47 (4th Cir. 2009). Defendant argues, and Plaintiff does not dispute, that Plaintiff's alleged injury no longer exists, as it successfully petitioned for political party recognition and is no longer subject to the contribution and receipt limitations of N.C. Gen. Stat. § 163A-1425.

However, Plaintiff argues that its claim falls within the exception to this general rule of mootness as the underlying dispute is "capable of repetition, yet evading review." *See FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007). This exception applies where "(1) the

challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Plaintiff argues that the first requirement is met because its "successful petition drive in spite of the restrictions of N.C. Gen. Stat. § 163A-1425 reveals that, under these circumstances the case in duration is too short to be fully litigated prior to cessation or expiration." (Pl.'s Mem. in Opp., 6). Plaintiff relies on several cases involving challenges to election regulations in support of this claim. In election cases, the short duration requirement is typically satisfied when a lawsuit is filed before an election, the passing of an election moots the claim, and the election occurs before a decision can be rendered. *See Action N.C. v. Strach*, 216 F. Supp. 3d 597, 615 (M.D.N.C. 2016) ("[A]s is common in election cases, the alleged injury here *could not be fully litigated prior to the 2014 election*." (emphasis added)); *see also FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (holding that judicial review could not be completed during the duration of an election cycle); *Stop Reckless Econ. Instability Caused by Democrats v. FEC*, 814 F. 3d 221, 232 (4th Cir. 2016) ("It is undisputed that the election cycle is too short in duration for election disputes to be fully litigated within a single cycle.").

Importantly, the cases that Plaintiff cites all fit this requirement because they were mooted by the passing of an election cycle. Plaintiff's injury, on the other hand, was not mooted by an election or the passing of an election cycle. Rather, Plaintiff mooted its own claim by securing sufficient signatures to qualify as a recognized political party. Further, Plaintiff has not shown that any statutory or factual limitation would have naturally prevented Plaintiff from fully litigating this dispute outside of Plaintiff's own action.

4

Assuming, as Plaintiff claims, that Plaintiff will be unable to meet the requirements of N.C. Gen. Stat. § 163A-950 after the next gubernatorial and presidential election in 2020, Plaintiff would revert to an unrecognized political party subject to the limitations of N.C. Gen. Stat. § 163A-1425.  At that time, Plaintiff could file a subsequent challenge to these election requirements.  Plaintiff has not pointed to any statutory limitation in the amount of time an unrecognized political party has to complete the petition process that would prevent full review at that time, nor has Plaintiff shown that its injury would automatically be mooted by the passing of a future election.

Thus, Plaintiff has failed to show that the first requirement of the capable of repetition but avoiding review exception—that the action is in its duration too short to be fully litigated prior to cessation or expiration—has been met.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED**.  Plaintiff's claims against Defendant are hereby dismissed.  The clerk of court is directed to close this case.

**SO ORDERED**.

Signed: August 28, 2018

Graham C. Mullen
United States District Judge